# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELVIN THOMAS** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 07-CV-1689 (RMC)** |
| ) | |
| **v.** ) | |
| ) | |
| **EDWARD F. REILLY, Chair, United States** ) | |
| **Parole Commission,  et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ANSWER

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

In response to the numbered and unnumbered paragraphs of the Complaint, Defendants respond as follows:

Defendants deny the allegations of the unnumbered paragraph of the caption page.

1.      The allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.

2.      The allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.

3.      The allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.

4.      The allegations of this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed necessary, they are denied.

5-9.    Admit.

10.    Deny.

11.    Admit.

12.    Admit.

13.    Admit.

14.    This paragraph is a characterization of the Revitalization Act ("Act").  Defendants respectfully direct the Court to the full text of the legislation for a complete and accurate statement of its contents.

15.    Admit.

16.    Defendants admit in part and deny in part.  Defendants only admit that the new rules promulgated by the United States Parole Commission ("Commission") amended and supplemented the District of Columbia Parole Board ("Parole Board") rules pursuant to the Act.

17.    Defendants admit the first sentence but deny the second.  Defendants deny Plaintiff's characterization of the Commission's amended and/or supplemented guidelines.

18.    Admit.

19.    Admit that Defendants were required to apply the Parole Board's published regulations and guidelines.

20.    Defendants admit that Plaintiff's minimum sentence satisfied parole eligibility but deny that in all cases the minimum sentence satisfied the inmate's offense accountability.

21.    Admit that the Parole Board applied published guidelines but deny they were mandatory.  Defendants admit that the Parole Board used criteria in the guidelines in its decision making.

2

22.    Admit.

23.    Admit in part, deny in part.  Defendants admit that Parole Board adopted policy guidelines but deny that the policy guidelines defined all terms used in the officially published 1987 regulations.

24.    Defendants admit but respectfully direct the Court to the Parole Board's 1987 regulations.

25.    Defendants admit but respectfully direct the Court to the Parole Board's 1987 regulations.

26.    Defendants admit but respectfully direct the Court to the Parole Board's 1987 regulations.

27.    Defendants admit that the guidelines suggested a grant of parole but deny that the guidelines directed the Parole Board to always grant parole in any particular situation.

28.    Admit.

29.    Defendants admit but respectfully direct the Court to the appendices to the Parole Board's regulations.

30.    Defendants admit but deny that factors noted in policy guidelines were exclusive in defining Negative Institutional Behavior.

31.    Admit.

32.    Defendants admit but deny that the factors noted in the policy guidelines were exclusive in defining sustained program or work assignment achievement.

33.    Defendants admit but deny that the 1991 guidelines exclusively defined sustained program or work assignment achievement.

34.     Admit.  Defendants respectfully direct the Court's attention to the appendices to the 1987 guidelines.  Defendants deny that these questions exclude any other considerations.

35.     Defendants admit but deny Plaintiff's characterization of the guidelines' provisions.

36.     Defendants admit but deny Plaintiff's characterization of the guidelines' provisions.

37.     Defendants admit.  Defendants deny that the 1991 guidelines exclusively defined "unusual circumstances."

38.     Defendants admit but respectfully direct the Court's attention to the Act.

39.     Defendants admit.  Defendants note that the Commission, in passing the 2000 regulations found at 28 C.F.R. 2.80 *et seq.*, only amended and supplemented the Parole Board's regulations.

40.     Defendants deny Plaintiff's characterization of the Parole Board's 1987 guideline and the Commission's 2000 guidelines with respect to offense accountability.

41.     Admit.  Defendants respectfully direct the Court's attention to the Commission's 2000 guidelines, which can be found at 28 C.F.R. 2.80 *et seq*.

42.     Defendants admit the first, second and fourth sentences of this paragraph.  Defendants deny the remainder of this paragraph.

43.     Deny.  Defendants admit that the Commission determines presumptive parole suitability using these factors.  However, Defendants deny that the Commission uses these factors to determine parole eligibility.

4

44.    Defendants admit the first part of this paragraph pertaining to the Commission's assessment of program achievement.  Defendants deny the last sentence of this paragraph.

44.    (It appears Plaintiff inadvertently included two paragraphs that are numbered 44) Defendants admit this paragraph with reservations about Plaintiff's phraseology.

45.    Deny.

46.    Admit.  Defendants respectfully direct the Court's attention to 28 C.F.R. 2.80 *et seq*.

47.    Admit.  Defendants respectfully direct the Court's attention to 28 C.F.R. 2.80 *et seq*.

48.    Defendants admit that the Commission promulgated regulations that defined "unusual circumstances" found at 28 C.F.R. 2.80(n).  Defendants deny that the Parole Board exclusively defined "unusual circumstances."

49.    Defendants admit the first two sentenced but deny the third sentence.

50.    Admit.

51.    Defendants admit in part and Deny in part.  Defendants deny that Plaintiff's initial parole hearing took place in September 2003.

52.    Admit.

53.    Defendants admit that Plaintiff served his minimum sentence.  Defendants deny that Parole board guidelines indicate that he has satisfied his offense accountability.

54.    Defendants admit the first sentence of this paragraph and deny the second and third sentences.  Defendants admit that Plaintiff's score increased the number of months until he was presumptively suitable for parole.  Defendants deny the remainder of the sentence.

55.     Admit.

56.     Deny.

57.     Defendants deny that Plaintiff's sentence was increased and deny Plaintiff's characterization of the Commission's evaluation and consideration of disciplinary history.

58.     Deny.

59.     Deny.

60.     Deny.  Defendants did not adjust Plaintiff's minimum sentence but admit that Plaintiff was granted program achievement under its regulations.

61.     Admit.

62.     Defendants admit the first sentence of this paragraph and deny the second.

63.     Deny.

64.     Defendants admit the first sentence of this paragraph but respectfully direct the Court to the Parole Board's 1987 guidelines.  Defendants deny the second sentence.

65.     Deny.

66.     Defendants deny this paragraph as based on speculation and speculative factual projections.

67.     Defendants deny this paragraph as based on speculation and speculative factual projections.

68.     Defendants deny this paragraph on the grounds that it calls for a legal conclusion.

69.     Admit.

70.     Defendants admit the first sentence except that Defendants have no knowledge of Plaintiff's medical history.  Defendants deny the second sentence beginning with "[u]nder the

1987 guidelines," on the grounds that it is based on speculation and speculative factual projections.

71.     Admit.

72.     Defendants deny Plaintiff's characterization of the Commission's evaluation of his program development.  Otherwise, Defendants admit.

73.     Deny.

74.     Deny.

75.     Deny.

76.     Defendants admit that Parole Board guidelines suggest a grant of parole under the alleged circumstances in this paragraph.

77.     No response is required.

78.     This paragraph calls for a legal conclusion.  To the extent a response is required, Defendants deny.

79.     This paragraph calls for a legal conclusion.  To the extent a response is required, Defendants deny.

80.     Deny.

81.     Deny.

82.     Deny.

83.     Deny.

84.     No response is required.

85.     This paragraph calls for a legal conclusion.  To the extent a response is required, Defendants deny.

86.    Deny.

87.    Deny.

88.    Deny.

The remainder of the Complaint is Plaintiff's request for relief.  Defendants deny that

Plaintiff is entitled to the relief requested or any relief whatsoever.

WHEREFORE, it is respectfully requested that the Complaint be dismissed with

prejudice and that the Court grant such further relief as it deems appropriate.

August 1, 2008                              Respectfully submitted,

                                           _/s/_____
                                           JEFFREY A. TAYLOR, D.C. BAR # 498610
                                           United States Attorney


                                            _/s/_____
                                           RUDOLPH CONTRERAS, D.C. BAR # 434122
                                           Assistant United States Attorney


                                            _/s/_____
                                           KENNETH ADEBONOJO
                                           Assistant United States Attorney
                                           Judiciary Center Building
                                           555 4th Street, N.W. – Civil Division
                                           Washington, D.C.  20530
                                           (202) 514-7157
                                           (202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Defendants' Answer to Plaintiff's Complaint to be served by first class mail upon pro se plaintiff at:

Melvin E. Thomas
Reg. No. 03584-000
FCI-Terre Haute
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, In 47808

on this 1st day of August, 2008.        __/s/_____

                                        KENNETH ADEBONOJO
                                        Assistant United States Attorney